**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MITCHELL BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-CV-1106 |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | TRIAL BY JURY DEMANDED |
| PROFESSIONAL TRANSPORTATION, INC., ) | |
| REGINALD A. HOOKS and BRITTANY J. ) | |
| ACKERMAN, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Mitchell Blake, by and through his attorneys, Craig W. Church and Hoey & Farina, and for his Complaint at Law against the Defendants, Union Pacific Railroad Company, Professional Transportation, Inc., Reginald A. Hooks and Brittany J. Ackerman, states as follows:

**PARTIES**

1. Plaintiff, Mitchell Blake, is an individual residing at 8230 S. Ellis, Unit A, Chicago, Illinois.

2. Defendant, Union Pacific Railroad Company ("Union Pacific"), is a Delaware corporation authorized to and doing business in Cook County, Illinois.

3. Defendant, Professional Transportation, Inc. ("PTI"), is an Indiana corporation authorized to and doing business as PTI within the State of Illinois.

4. Defendant, Reginald A. Hooks ("Hooks"), is an individual residing at 1806 Mannheim Road, Westchester, Cook County, Illinois.

5. Defendant, Brittany J. Ackerman ("Ackerman"), is an individual residing at 515 14th Avenue, SE, Apt. B449, Minneapolis, Minnesota.

## JURISDICTION

6. This Court has jurisdiction over Mr. Blake's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

## COUNT I – VERSUS UNION PACIFIC RAILROAD COMPANY

7. That at all pertinent times Union Pacific owned, managed, maintained and used as a portion of its railroad system a certain facility located in Northlake, Illinois.

8. At all pertinent times Union Pacific operated a railroad system as a common carrier of freight in and through the various states.

9. This action arises under, and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*.

10. On and before August 5, 2013, Plaintiff was an employee of Union Pacific.

11. On August 5, 2013, Plaintiff was on duty as a conductor in the course of his employment and was being transported in a PTI van in Morrison, Whiteside County, Illinois.

12. At all pertinent times Plaintiff was performing work for Union Pacific in connection with, or in furtherance of, Union Pacific's business of interstate commerce and transportation.

13. In the course of his duties at the time, Plaintiff was required to take transportation contracted by his employer, Union Pacific, to his train in Clinton, Iowa.

14. That on August 5, 2013, PTI was providing transportation services for Defendant Union Pacific's train crews.

15. As Plaintiff was being transported by the PTI van in a westerly direction on U.S. Route 30 near Sawyer Road in Morrison, Illinois, the van came to a sudden stop and was rear-ended by a vehicle driven by Defendant Ackerman, causing Plaintiff to sustain severe injury to his head, shoulder, neck and back.

16. It was the continuing duty of Union Pacific, as employer, at that place and time, to use ordinary care in furnishing Plaintiff with a safe place to work.

17. In violation of its duty, Union Pacific negligently and carelessly failed to provide the Plaintiff with a safe place to work by more of the following negligent acts or omissions committed:

    a. Through its agent, PTI, failed to keep a proper lookout and in carelessly operating the van;

    b. Failed to provide reasonably safe transport to personnel to their train assignments; and

    c. Carelessly and negligently permitted PTI to perform the task involved.

18. Union Pacific's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, the Plaintiff to suffer injury to his head, neck and back.

19. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff, Mitchell Blake, demands judgment in his favor and against the Defendant, Union Pacific Railroad Company, in a sum in excess of the jurisdictional minimum, plus costs of suit.

## COUNT II – VERSUS PROFESSIONAL TRANSPORTATION, INC.

20. Plaintiff repeats and incorporates herein by reference each and every averment contained in paragraphs 1 through 19 above.

21. On August 5, 2013, Professional Transportation, Inc., was a corporation doing business as PTI and was a foreign corporation authorized to and doing business within the State of Illinois.

22. That on August 5, 2013, PTI was providing livery services for the Defendant Union Pacific for its train crews working in Northlake, Illinois and Clinton, Iowa.

23. That on August 5, 2013, PTI was assigned to transport Plaintiff to his train.

24. That on August 5, 2013, PTI operated its van in a negligent manner at a high rate of speed, coming to a sudden stop, causing serious head, shoulder, neck and back injuries to the Plaintiff.

25. That at all pertinent times, PTI was under a duty to exercise ordinary care to avoid placing Plaintiff in danger, to exercise ordinary care for the safety of the Plaintiff, and to exercise ordinary care to operate its vehicle so as to ensure the safety of all persons therein.

26. At that date, time and location, PTI, by and through its agent, was guilty of the following negligent, careless and unlawful acts or omissions:

    a. Carelessly and negligently failed to maintain a proper lookout;

    b. Carelessly and negligently operated its vehicle at a high rate of speed;

    c.    Carelessly and negligently failed to keep the van under proper control;

    d.    Carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

    e.    Carelessly and negligently operated its vehicle at a speed which was greater than reasonable and proper so as to endanger the safety of the Plaintiff;

    f.    Carelessly and negligently failed to decrease speed;

    g.    Carelessly and negligently operated, maintained and drove the vehicle in an unsafe manner and condition;

    h.    Carelessly and negligently operated a vehicle which had not been properly maintained or serviced;

    i.    Carelessly and negligently failed to decrease speed to stop its motor vehicle to avoid injury; and

    j.    Carelessly and negligently failed to keep a proper lookout.

27.    Defendant PTI's failure to exercise reasonable care proximately caused the Plaintiff to suffer injury to his head, shoulder, neck and back.

28.    As a consequence, Plaintiff, Mitchell Blake, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff, Mitchell Blake, demands judgment in his favor and against the Defendant, Professional Transportation, Inc., in a sum in excess of the jurisdictional minimum, plus costs of suit.

## COUNT III – VERSUS REGINALD A. HOOKS

29. Plaintiff repeats and incorporates herein by reference each and averment contained in paragraphs 1 through 28 above.

30. That on August 5, 2013, Reginald A. Hooks was employed by Defendant PTI as a van driver.

31. That on August 5, 2013, Defendant PTI was providing livery services for the Defendant, Union Pacific, for its train crews working in Northlake, Illinois and Clinton, Iowa.

32. That on August 5, 2013, Reginald A. Hooks was driving and operating a van owned, managed, maintained and serviced by PTI.

33. That on August 5, 2013, Reginald A. Hooks was assigned to transport Plaintiff to his train.

34. That on August 5, 2013, Reginald A. Hooks operated the van in a careless and negligent manner at a high rate of speed, failed to keep a proper lookout and came to a sudden stop, causing serious head, shoulder, neck and back injuries to the Plaintiff.

35. That at all pertinent times, Reginald A. Hooks was under a duty to exercise ordinary care to avoid placing Plaintiff in danger, to exercise ordinary care for the safety of the Plaintiff and to exercise ordinary care to drive his vehicle so as to ensure the safety of all persons.

36. At that date, time and location, Defendant, Reginald A. Hooks, was guilty of the following negligent, careless and unlawful acts or omissions:

    a. Carelessly and negligently failed to maintain a proper lookout;

    b. Carelessly and negligently operated his vehicle at a high rate of speed;

  c. Carelessly and negligently failed to keep the van under proper control;

  d Carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

  e. Carelessly and negligently operated his vehicle at a speed which was greater than reasonable and proper so as to endanger the safety of the Plaintiff;

  f. Carelessly and negligently failed to decrease speed;

  g. Carelessly and negligently operated, maintained and drove the vehicle in an unsafe manner and condition;

  h. Carelessly and negligently operated a vehicle which had not been properly maintained or serviced;

  i. Carelessly and negligently failed to decrease speed to stop his motor vehicle to avoid injury;

  j. Carelessly and negligently failed to keep a proper lookout.

37. Defendant Reginald A. Hooks' failure to exercise reasonable care proximately caused the Plaintiff to suffer injury to his head, shoulder, neck and back.

38. As a consequence, Plaintiff, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

  WHEREFORE, Plaintiff, Mitchell Blake, demands judgment in his favor and against the Defendant, Reginald A. Hooks, in a sum in excess of the jurisdictional minimum, plus costs of suit.

**COUNT IV – VERSUS BRITTANY J. ACKERMAN**

39. Plaintiff repeats and incorporates herein by reference each and averment contained in paragraphs 1 through 38 above.

40. That on August 5, 2013, Brittany J. Ackerman was driving west on U.S. Route 30 near Sawyer Road in Morrison, Illinois, driving behind the PTI van transporting Plaintiff, when the PTI van came to an abrupt stop.

41. That Defendant, Brittany J. Ackerman, operated her vehicle in a negligent manner at a high rate of speed, failing to keep proper vehicle spacing and to maintain a proper lookout, rear-ending the PTI van that was transporting Plaintiff.

42. That at all pertinent times, Defendant, Brittany J. Ackerman, was under a duty to exercise ordinary care to avoid placing Plaintiff in danger, to exercise ordinary care for the safety of the Plaintiff, and to exercise ordinary care to drive her vehicle so as to ensure the safety of all persons.

43. At that date, time and location, Defendant, Brittany J. Ackerman, was guilty of the following negligent, careless and unlawful acts or omissions:

    a. Carelessly and negligently failed to maintain a proper lookout;

    b. Carelessly and negligently operated her vehicle at a high rate of speed;

    c. Carelessly and negligently failed to keep her van under proper control;

    d Carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

    e. Carelessly and negligently operated her vehicle at a speed which was greater than reasonable and proper so as to endanger the safety of the Plaintiff;

    f. Carelessly and negligently failed to decrease her speed;

  g. Carelessly and negligently operated, maintained and drove the vehicle in an unsafe manner and condition;

  h. Carelessly and negligently operated a vehicle which had not been properly maintained or serviced;

  i. Carelessly and negligently failed to decrease speed to stop her motor vehicle to avoid injury;

  j. Carelessly and negligently failed to keep a proper lookout.

44. Defendant Brittany J. Ackerman's failure to exercise reasonable care proximately caused the Plaintiff to suffer injury to his head, shoulder, neck and back.

45. As a consequence, Plaintiff, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff, Mitchell Blake, demands judgment in his favor and against the Defendant, Brittany J. Ackerman, in a sum in excess of the jurisdictional minimum, plus costs of suit.

                Respectfully submitted,

                /s/ Craig W. Church
                Attorney for Plaintiff

Craig W. Church
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212
cchurch@hoeyfarina.com